Mr. Chief Justice Cartter
delivered the opinion of the court:
This case involves a very simple question. The instructions to this court come from the Supreme Court of the United States, and are dogmatic. We simply have the duty of performing that which we are charged by that court to perform : “The defendant is to be charged with a reasonable sum for the use and occupation of the premises from the time he took possession.” A reasonable sum — that is, what it was worth to the defendant.
We would have no trouble about that in an ordinary case. What is the rental worth 1 The witnesses say, and say very truthfully, that the use and occupation were worth nothing. The. property was an unfenced common within the city limits, impracticable of cultivation, impracticable of exclusive occupancy, and in fact unoccupied; the defendant had merely constructive possession of it because he claimed possession.
*27 It is difficult to see how any value could be attached to bhe use and occupation of property under such circumstances. But it is contended for 'the complainant that the use of the property is worth six per centum of its value. And what is its value is another matter of speculation. One ■standard is the assessed valuation, and another the estimated market value. And the defendant has been charged á percentage on valuation, as though the property has a usufruct, as though it were tenantable, as though it were under actual occupancy and yielding something to the mortgagee.
We think that the decrees below are too imaginary, are a departure both from the facts of the case and from the decree of the Supreme Court. The real value of the property is not the measure of the use ; the returns the property may give the tenant constitute the value, of the use, and there is no other guide. We have come to the same conclusion with the witnesses. The use and occupation of the premises was worth nothing, and, therefore, we will charge nothing for it.
But it is said, further, that the mortgagor was deprived of the power to sell the property ; that this controversy arrested his dominion over it. Is a claim on that account a claim for use and occupation ? For the rental value of the property ? Is it not a claim for unliquidated damages, as for obtruding an obstacle in the way of disposing of the property ? ' It seems to us that that is not germane to use and occupation, and to that we are confined.
There remains but one minor point. The defendant received from the Government of the United States a sum of money for the occupation of the property by the military. Of this sum he paid a portion as a commission to the agent who collected it, and the court below did not credit him with the commission so paid. He should be allowed credit for that sum and be charged only with what he got over and above it.
Decree accordingly.